MICHAEL DE VITA

*v.*

MICHAEL LOPRETE and DEMETRIO LOPRETE.

[Submitted February 22d, 1909. Decided March 22d, 1909.]

1. The test usually applied to determine whether a partnership exists is to ascertain whether any time has to elapse or any act remains to be done before the right to share profits accrues.

2. An agreement among three parties provided that, if either should before a specified date be awarded a city contract for removal of garbage, he should admit the others to an equal share of the profits of the contract, and "the partnership hereby constituted" should purchase of one of the parties certain property at a price to be fixed.—*Held,* that a partnership among the three parties was not consummated thereby, and hence a bill by one of them for the enforcement of partnership rights would not lie.

3. If parties became agents for each other for a sufficient consideration for the procurement of a municipal contract for removal of garbage, and one of them procured it, but conducted the business for his own benefit with his own capital and labor and at his own risk, equity would not impress a trust on the business for the benefit of the defrauded parties, and administer the trust for their use.

4. Equity must administer equitable relief upon equitable terms, and not by way of punishment.

On bill and demurrer.

The bill discloses the following facts: That complainant and the two defendants were on June 18th, 1903, mutually interested in a certain municipal contract standing in the name of Charles E. Anen, and on that date made a settlement whereby complainant and defendant Demetrio Loprete surrendered to defendant Michael Loprete their rights in that contract for $1,500 in cash, but upon the express condition that a new contract should be entered into by the parties whereby they should each have an equal interest in any contract for the removal and disposal of garbage in the city of East Orange which either of them might secure from that city at any time before August 1st, 1906. The new contract was executed in writing on that day and a copy of it is embodied in the bill. By it complainant and the two defendants mutually agree:

"That if at any time before August first, 1906, the parties to this agreement or either or any of them shall be awarded the contract for the removal and disposal of garbage within the limits of the city of East Orange, he or they will admit to a full one-third share of the profits of such contract the other party or parties to the agreement. It being agreed however, that the partnership hereby constituted will purchase from the said Michael Loprete and that the said Michael Loprete will sell to the partnership, any or all stock, horses, wagons or other property, necessary for carrying on the said scavenger business which may, at that time, be in his possession under the contract this day made between the said Michael Loprete and Charles E. Anen; such property to be purchased at a fair price to be determined upon by the parties hereto or, in the event

of disagreement, at a price fixed by appraisers, said appraisers to be chosen as follows: one by said Michael Loprete and the other by said Demetrio Loprete and said Michael De Vita. And the said Demetrio Loprete and the said Michael De Vita hereby agree each for himself that, if they or either of them enters into the said partnership, they will each pay to the said Michael Loprete one-third of the value of the said property, said value to be determined as above provided."     ·

Before the expiration of the time specified in the agreement above quoted, defendant Michael Loprete was awarded by the municipality referred to a contract for the disposal of garbage within the limits of that city for a period of five years, which contract is still in force. A copy of the contract between East Orange and defendant Michael Loprete is annexed to the bill. By it Michael Loprete agrees for the period of five years to collect and remove "all ashes, garbage and other refuse matter," and also to remove "all dead animals found on any of the streets, avenues, highways or other public places in the city of East Orange," in a manner specified in the contract, and the municipality agrees to pay for the service $67,000 in sixty equal monthly installments. The contract also provides that any failure of the contractor to comply with the contract according to its terms shall entitle the municipality to terminate it and compel the contractor to pay such loss as the municipality might suffer to procure its completion; and also provides that no transfer or assignment of the contract or any part thereof or any money due or to grow due thereon should be made without the consent of the municipality, and that any such transfer or assignment should operate to terminate the contract at the option of the municipality. Defendant Michael Loprete now refuses to admit the other two parties to share in the contract or to recognize them as having any interest therein and alleges that the terms of his contract with the municipality forbids it. Complainant and Demetrio Loprete have offered to comply with the terms of the contract of June 18th, 1903, and have, pursuant to that contract, appointed an appraiser to fix the value of the property which was to be conveyed to the partnership, but defendant Michael Loprete refuses to select an appraiser or to agree upon a price. Demetrio Loprete is made defendant by reason of his refusal to join as complainant. The bill also alleges that the profits arising

from the municipal contract are large, and that defendant Michael Loprete is wasting the profits and keeping inadequate accounts. The bill asserts that complainant is entitled to share in the profits to the amount of one-third thereof and prays that an account of the profits may be taken and the share of complainant paid to him, and that a discovery be had of the books, papers and accounts of the business, and that regular statements of the transactions of the business be rendered to complainant from time to time, and that a receiver may be appointed.

Defendant Michael Loprete demurs upon the ground that the bill fails to disclose facts sufficient to warrant equitable relief.

*Mr. Franklin W. Fort,* for the demurrants.

*Messrs. Riker & Riker,* for the complainant.

LEAMING, V. C.

I think that the demurrer must be sustained.

It will be observed that the agreement of June 18th, 1903, is not an agreement whereby the three parties formed a partnership and constituted themselves present partners, but is rather an agreement contemplating the formation of a future partnership.

It is not always easy to determine when a contemplated partnership becomes a partnership *in praesenti.* The test usually applied to determine whether a partnership exists is by ascertaining from the terms of the agreement whether any time has to elapse or any act remains to be done before the right to share profits accrues. *1 Lind. Part. (ed. 1888) *20; McCabe* v. *Sinclair, 66 N. J. Eq. (21 Dick.) 24, 30; 30 Cyc. 358.* The agreement set forth in the bill contemplates that before the parties shall enter upon the anticipated business certain property owned by Michael Loprete shall be purchased at a price to be fixed, and then provides that if they (complainant and Demetrio Loprete), or either of them, enter into the said partnership, they will each pay to Michael Loprete one-third of the value of the said property. I think it clear that a partnership between the three parties cannot be said to have been consum-

mated, and that the bill cannot, in consequence, be sustained as a bill filed by a partner for the enforcement of partnership rights.

It will also be observed that the bill is not filed for the specific performance of the agreement to form a partnership; it is therefore unnecessary to here determine whether a bill of that nature could be sustained under the facts stated.

Nor is the bill filed for discovery in aid of a pending or proposed action at law for damages for breach of contract, to the end that a discovery may be had of matters peculiarly within the knowledge of defendant Michael Loprete in order that the value of the business may be more accurately ascertained and established before a court of law. See *1 Story Eq. Pl.* § *311.*

The right asserted by the bill is that complainant is entitled to one-third of the profits of the business now being conducted by defendant Michael Loprete. Assuming that the bill discloses a contract whereby, for a sufficient consideration, each party to the contract became the agent of the other parties for the procurement of the municipal contract, I do not think that the case falls within that class of cases where a court of equity will impress a trust upon the subject-matter for the benefit of the defrauded parties and administer the trust for their use. The subject-matter here involved is an active business which defendant Michael Loprete is conducting with his own capital and labor and at his own risk. Complainant can only attain a plane of equality with defendant Michael Loprete in that business by the contribution of a proportionate amount of capital and labor and the assumption of liability for losses. That condition, so far as liability for loss is concerned, can only be attained through specific performance, and as already stated, specific performance is not here sought. A court of equity must administer equitable relief upon equitable terms and not by way of punishment. For such damages as complainant may have sustained by reason of the breach of the contract, the law courts can afford an adequate remedy.

I am unable to discern any theory upon which equitable relief can be administered under the present bill, and will advise a decree sustaining the demurrer.